UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATIONAL PRODUCTS INC., | Case No. 2:25-cv-10674-MCS-(JDEx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| X-NAUT LLC, | Judge:    Magistrate John D. Early |
| Defendant. | |

Based on the Parties' Stipulation (Dkt. __) and for good cause shown, the Court finds and orders as follows.

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. This Order does not confer blanket protection on all disclosures or responses to discovery, does not alter the provision of Local Rule 79-5, et seq., and the protection it affords from public disclosure and use and extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Designation of Discovery Material under this Order

STIPULATED PROTECTIVE ORDER

does not, of itself, entitle parties to file information under seal. For purposes of the Order, "Discovery Material" includes but is not limited to, documents, electronically stored information, and things produced, answers to interrogatories, responses to requests for production and deposition and other testimony disclosed through discovery in this case. Discovery Material will be used for no other purpose than this litigation.

**II.    "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL**

Any Party producing or exchanging Discovery Material may designate all or any portion of it as "Confidential" or "Attorney's Eyes Only", indicating that such Discovery Material is commercially sensitive or otherwise confidential. "Confidential" information is information that is non-public in nature, the disclosure of which would be reasonably expected to subject a party, person, or entity to disclosure of sensitive technical information relating to research, development, marking, manufacture, and production of products, or sensitive technical business, or research information. "Attorney's Eyes Only" information is information that is highly sensitive, including competitive financial, customer, or marketing information, including, but not limited to, marking plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; research, development, marketing, manufacture, and production of products; and strategies, trade secrets, research, marketing, production, and cost information. Any non-party witnesses who are called upon to disclose their own confidential or proprietary information may opt-in to the protections of this Order with respect to such information by advising all counsel in this action in writing, or orally in the event of live testimony.

**III.    SCOPE**

The protections conferred by this Order cover not only Confidential material and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries,

1
STIPULATED PROTECTIVE ORDER

or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, known to the Receiving Party or known to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the information, obtained outside of this action by the Receiving Party Designating Party without having been designated "Confidential" or "Attorneys' Eyes Only" provided, however, that this provision does not negate any pre-existing obligation of confidentiality, obtained by such Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same, and previously produced, disclosed, and/or provided by the Designating Party to the Receiving Party or any non-party without an obligation of confidentiality.

## IV.  ACCESS TO AND USE OF CONFIDENTIAL INFORMATION OR MATERIAL

### A.  Basic Principles.

A receiving party may use Confidential information or material and Attorneys' Eyes Only information or material that is disclosed or produced by another party or by a non-party in this case only for prosecuting, defending, or attempting to settle this litigation. Confidential information and Attorneys' Eyes Only information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential information and Attorneys' Eyes Only information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.  Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential information only to:

2
STIPULATED PROTECTIVE ORDER

1.    the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

2.    the following officers, directors, employees (including in house counsel), or outside counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their respective clerical and paralegal personnel:

<u>National Products Inc.</u>:

Jeff Carnevali, President & CEO

Chad Remmers, COO

<u>X-Naut LLC</u>:

Darren Sarravis, CEO

Renee Salas, Accounting/Financial

3
STIPULATED PROTECTIVE ORDER

3.      experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.      the court, court personnel, and court reporters and their staff;

5.      independent litigation support services, including copy or imaging services retained by counsel to assist in the duplication of Confidential Information, graphics or design services, jury or trial consultant services, and the like, provided that counsel for the party retaining the service(s) instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information;

6.      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential information must be separately bound by the court reporter and may not be disclosed except as permitted under this Order;

7.      the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

C.      Officers, Directors and Employees of the Receiving Party, and Experts and Consultants:

The persons receiving Confidential information may not disclose it to any other person, except in conformance with this Order.  Each individual who receives any Confidential information is subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

Counsel who makes Confidential information available to persons set forth in Paragraphs 4(B) above shall be responsible for limiting distribution thereof to only

4
STIPULATED PROTECTIVE ORDER

those persons authorized under this Order. All copies of Confidential information disclosed shall be subject to the same restrictions imposed herein on original materials.

D.    Disclosure of "ATTORNEYS EYES' ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, any document or information marked "Attorneys' Eyes Only" shall not be disclosed or made available to any persons, including parties to this litigation, except the following:

1.    the Receiving Party's counsel of record in this action, as well as employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation;

2.    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3.    the court, court personnel, and court reporters and their staff;

4.    independent litigation support services, including copy or imaging services retained by counsel to assist in the duplication of Attorneys' Eyes Only information, graphics or design services, jury or trial consultant services, and the like, provided that counsel for the party retaining the copy or imaging service(s) instructs the service not to disclose any Attorneys' Eyes Only information to third parties and to immediately return all originals and copies of any Attorneys' Eyes Only information;

5.    the author or recipient of a document containing the Attorneys' Eyes Only information or a custodian or other person who otherwise possessed or knew the information.

E.    Filing Confidential And Attorneys' Eyes Only Information.

Before filing Confidential or Attorneys' Eyes Only information or discussing or referencing such information or material in court filings, the filing party shall

confer with the Designating Party to determine whether the Designating Party will remove the Confidential or Attorneys' Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Rule 79-5 et seq. sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## V.    DESIGNATING PROTECTED MATERIAL

A.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

B.    <u>Manner and Timing of Designations.</u>

Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5(C) below), or as otherwise stipulated or ordered, disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

6
STIPULATED PROTECTIVE ORDER

1. Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential information or Attorneys' Eyes Only information, respectively.  If only a portion or portions of the information on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

2. Testimony given in deposition: the parties must identify on the record, during the deposition all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only.

3. Other information produced in some form other than documentary and for other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES' ONLY."  If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

    C.    <u>Inadvertent Failures to Designate.</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material or information. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material or information is treated in accordance with the provisions of this Order.

7

STIPULATED PROTECTIVE ORDER

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A. Timing of Challenges.

Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the existing Scheduling Order.

### B. Meet and Confer.

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq.

### C. Joint Stipulation.

Any challenge submitted to the court shall be via a joint stipulation pursuant to Local Rule 37-2.  The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

1. promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the information or material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential information or material or

Attorneys' Eyes Only information or material may be affected. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential information or material or Attorneys' Eyes Only information or material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Designating Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

## X. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all confidential material to the Designating Party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise. The parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter.

This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained experts, and the persons or organizations over which they have direct control.

**XI.   EXPERT DISCLOSURE**

If any Receiving Party intends to disclose any Confidential information or material or Attorneys' Eyes Only information or material to any person described in Paragraphs 4(B), the Receiving Party intending to disclose such Confidential or Attorneys' Eyes Only information or material shall notify counsel for the Designating Party in writing, at least ten (10) days before any such disclosure is made, of the identity of each such person and if an employee, their job responsibilities.  If the Receiving Party intends to disclose any Confidential information or material or Attorneys' Eyes Only information or material to a potential or actual expert witness in this case, the Receiving Party shall include with its notification to the Designating Party:

1.   The full name and professional address and/or affiliation of the expert witness;

2.   A copy of the form annexed as Exhibit "A" executed by the expert witness;

3.   An up-to-date curriculum vitae for the expert witness, including education history;

10
STIPULATED PROTECTIVE ORDER

4.    An identification of all previous or current relationships (personal or professional) with any of the parties, including direct relationships and relationships through entities owned or controlled by the expert witness;

5.    A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition or prepared an expert report

If the Designating Party objects to such disclosure of Confidential or Attorneys' Eyes Only information or material, it shall notify the Receiving Party intending to disclose the Confidential or Attorneys' Eyes Only information or material in writing of its objection(s) prior to the date on which the disclosure is intended to be made.  Should the party intending to make the disclosure disagree with the basis for the objection(s), such party must advise the objecting party in writing, with the reasons for the party's position, after which the parties must comply with Local Rule 37-1 et seq. to meet and confer regarding the dispute and, if no resolution is reached, to present the dispute via  Local Rule 37-2, et seq. Joint Stipulation. The party objecting to disclosure shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the court upon any such objection(s), the Confidential or Attorneys' Eyes Only information or material shall not be disclosed to any person objected to by such Designating Party.

## XII.  THIRD PARTY CONFIDENTIAL INFORMATION

The parties agree to be bound by the terms of this Order with respect to any Third Party that produces confidential information in this lawsuit provided that such Third Party agrees in writing to be bound by the terms of this Order.  A party that seeks confidential information from a Third Party shall comply with any subpoena or other governmental process directed to that Third Party requesting such information a copy of this Order and written notice informing the Third Party that it may take advantage of the protections afforded by this Order.  An inadvertent failure to provide a copy of this Order shall not constitute a breach of this provision.

11
STIPULATED PROTECTIVE ORDER

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the inadvertent production of privileged material in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Designating Party of any privilege applicable to those materials, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law, if the holder of the privilege took reasonable steps to prevent the disclosure and promptly took reasonable steps to rectify the error.

DATED: April 17, 2026_____    _____

JOHN D. EARLY
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *National Products Inc. v. X-Naut LLC*, Case No. 2:25-cv-10674-MCS-JDE (the "Action").  I agree to comply with and to be bound by all the terms of this Protective Order, I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A